## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-22002-BLOOM/Otazo-Reyes

BETH STERNBAUM,

      Plaintiff,

v.

THE REFINERY LAB, LLC, and
DOES 1 THROUGH 10 INCLUSIVE,

      Defendants.

_____/

### ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Beth Sternbaum's ("Plaintiff") Motion for Final Default Judgment, ECF No. [15] (the "Motion"). A Clerk's Default, ECF No. [13], was entered against The Refinery Lab, LLC on October 25, 2022, as Defendant failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1], despite having been properly served. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted.

### I.    BACKGROUND

Plaintiff created a photograph (the "Work") and registered it with the Register of Copyrights. ECF No. [1] ¶¶ 10-12; *see also* ECF No. [1-1]. Defendant never acquired a license or permission from Plaintiff to use the Work. *See* ECF No. [1] ¶ 18. Nevertheless, on or about February 11, 2021, Plaintiff discovered that Defendant had posted an advertisement on its Facebook page that utilized the Work. *Id.* ¶ 15.

Plaintiff filed a Complaint against Defendant, asserting one count of copyright infringement under 17 U.S.C. § 101 *et seq. See id.* Defendant was served with the Complaint on

August 18, 2022. ECF No. [8]. The date for Defendant to file a response to the Complaint was September 8, 2022. *See id*. On September 9, 2022, Plaintiff filed a stipulation to extend the date for Defendant to file a response by 30 days until October 8, 2022. *See* ECF No. [9]. Defendant failed to file a response and the Court thereafter ordered Defendant to comply by October 18, 2022. ECF No. [11]. Defendant again failed to comply. The Clerk entered a default against Defendant, ECF No. [13], and Plaintiff filed the present Motion, seeking statutory damages under 17 U.S.C. § 504 (specifically, $15,000.00 based on the willful conduct of Defendant), attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

If the complaint states a claim, the Court must then determine the amount of damages and, if necessary, "may conduct hearings . . . [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, where all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . no such hearing is required where all essential evidence is already of record.") (citations omitted); *see*

*also Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." (citation omitted)).

## III.   DISCUSSION

### A.  Copyright Infringement

The Copyright Act provides in relevant part that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement arises when a plaintiff can prove (1) ownership of a copyright, and (2) a defendant's copying of the copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff may satisfy the first prong by producing the certificates of registration, and once produced, the burden shifts to Defendant to demonstrate why the claim of copyright is invalid. *See id.* at 361; 17 U.S.C. § 410(c) (noting that a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate"). The second prong, the copying element of an infringement claim, has two components: (1) Plaintiff must demonstrate that Defendant copied Plaintiff's work as a factual matter; and (2) Plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232-33 (11th Cir. 2010).

Here, Plaintiff registered the Work with the United States Copyright Office and was given a Certificate of Registration, Registration Number VA 2-219-754[1]. ECF No. [1] ¶ 12. As such, the Court finds that Plaintiff was the owner of a valid copyright for the Work. In addition, Plaintiff alleges that Defendant copied and published the Work on Defendant's Facebook page and has produced documents showing such copying. ECF No. [1] ¶¶ 15; ECF No. [1-1]. The produced documents present no factual or subjective issue of "substantial similarity" because the Work in question is a photograph, and Defendant copied and published an exact copy of the entire image. *See* ECF No. [1-1] at 2, 4.

Accordingly, Plaintiff has pleaded all the required elements to state a claim for copyright infringement. Therefore, Plaintiff is entitled to entry of final default judgment against Defendant as to Count 1 of the Complaint.

### B. Willfulness

Plaintiff also requests that the Court find Defendant's infringement to be willful. Willful infringement occurs "when the infringer acted with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Arista Records, Inc. v. Beker Enterps. Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). "[W]illful copyright infringement under § 504(c)(2) encompasses reckless disregard of the possibility that one's actions are infringing a copyright." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1272 (11th Cir. 2015).

---

[1] The Court takes judicial notice of the publicly recorded registration of the copyright which was recorded on September 24, 2020, before Defendant allegedly used Plaintiff's work on February 11, 2021. *See Registration Record VA0002219754*, Copyright Public Records System, https://publicrecords.copyright.gov/detailed-record/31882933 (last visited Nov. 3, 2022). Fed. R. Evid. 201(b)(2), 201(d); *see also Nationwide Van Lines, Inc. v. Transworld Movers Inc*., 853 Fed. Appx. 604, 606 (11th Cir. 2021) ("Taking judicial notice of a public record from the registry of the United States Patent and Trademark Office 'did not transform [the] motion to dismiss into a motion for summary judgment.'" (alteration in original)) *Ellison v. Postmaster Gen., United States Postal Serv.*, 20-13112, 2022 WL 4726121, at *6-7 (11th Cir. Oct. 3, 2022) (*"*It is clear a district court, at the motion to dismiss stage, may take judicial notice of relevant public documents").

Moreover, a court may infer that a defendant willfully infringed a plaintiff's copyright because of a defendant's default. *Arista Records, Inc.*, at 1313 (citations omitted).

Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Work of the Plaintiff without Plaintiff's consent or authority. Those established facts demonstrate that Defendant acted with reckless disregard of the fact that its conduct infringed upon Plaintiff's exclusive copyright. Accordingly, Defendant's default and the well-pled facts of the Complaint, which are admitted by Defendant's default, establish that Defendant's infringement of Plaintiff's work was willful and deliberate.

## C. Damages

Pursuant to 17 U.S.C. § 504(b), a plaintiff is entitled "to recover the actual damages suffered by him or her as a result of the infringement[.]" Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect to recover statutory damages for Defendant's infringement. In addition, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award of statutory damages up to $150,000.00 when infringement was committed willfully. In awarding enhanced damages in the context of section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 851 (11th Cir. 1990) (internal quotation omitted). When an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of two to three times actual damages to fully compensate a plaintiff and adequately deter future conduct like that of Defendant. *See Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (plaintiffs' request of statutory damages of an amount approximately three times what the Defendant would have paid to be licensed is a modest, just and

appropriate award under section 504(c)"); *see also Barnstormers, Inc. v. Wing Walkers*, LLC, 2011 U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011) ("in light of Plaintiff's $6,000 in actual damages and Defendants' willful conduct, the Court finds a just award of statutory damages to be three times Plaintiff's actual damages, or $18,000"); *Cynthia Hunt Prods. Ltd. v. Evolution of Fitness Houston Inc.*, 2007 U.S. Dist. LEXIS 77630, at *6 (S.D. Tex. Oct. 18, 2007).

Here, Plaintiff has elected to request statutory damages in the amount of $15,000.00. To support her request, Plaintiff submitted example invoices as evidence of license fees paid by licensees for similar copyrighted content created by Plaintiff. ECF No. [15-1]. The example invoices reflect that the typical range of fees Plaintiff receives for creating and licensing the right to make non-exclusive commercial use (meaning use for purposes of advertising or promoting the licensee's business) and displaying on the internet her copyrighted photographs similar in quality and popularity to the Work ranges from $2,250.00 to $10,000.00 per image. ECF No. [15-1]; *see also* ECF No. [15-2] ¶¶ 9-10. Plaintiff does not submit an estimate of the actual damages incurred due to Defendant's infringement of the copyright on the Work. However, considering the example invoices submitted, it is reasonable to conclude that Plaintiff's actual damages are approximately $5,000.00.

Defendant was properly served and notified of its infringement following service of the Complaint in this action. Because Defendant defaulted, Plaintiff is without information to identify exactly how long Defendant used Plaintiff's Work for its own commercial purposes. Plaintiff's actual damages may be a multiple of her annual license fee and Defendant's known profits. Defendant, through its inaction, has prevented Plaintiff from obtaining any information necessary to identify the profits related to Defendant's infringing use of Plaintiff's Work that are recoverable pursuant to 17 U.S.C. § 504(b), in addition to Plaintiff's actual losses. "Moreover, this Court may

infer that Defendant willfully infringed Plaintiffs' copyrights because of Defendants' default." *Arista Records, Inc.*, at 1313 (internal citations omitted). Accordingly, the Court determines that Defendant's infringement of the Work was willful. Where there is a finding of willfulness, other district courts in the Eleventh Circuit have found it appropriate to award as statutory damages "an amount approximately three times what the Defendant would have paid to be licensed" under § 504(c)(1). *See e.g., Major Bob Music*, 851 F. Supp. at 481.

Plaintiff believes she is entitled to statutory damages of $15,000.00, which will fully compensate her for damages suffered and deter future infringers from violating the law. *Id.* at 5. The Court agrees and finds that Plaintiff is entitled to the requested $15,000.00 in statutory damages.

### D.  Attorneys' Fees and Costs

Finally, Plaintiff seeks attorneys' fees and costs. Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] the court may also award a reasonable attorney's fee to pay the prevailing party as part of the costs." Attorneys' fees "are to be awarded to prevailing parties only as a matter of the court's discretion," when such an award would "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994). As with all fee petitions, the moving party has the burden of demonstrating that its fee request is reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

The Supreme Court has put forth a nonexclusive list of factors to consider when determining whether to award a prevailing party its requested attorney's fees under § 505, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of

compensation and deterrence." *Fogerty,* 510 U.S. at 534 n.19. Here, the four factors outlined in *Fogerty* weigh in favor of granting Plaintiff its attorneys' fees. First, Plaintiff's claim against Defendant is not frivolous, as Plaintiff provided evidence of Defendant's infringement of the Work. Nor is there any evidence or suggestion that Plaintiff had an improper motive for bringing this action. Instead, it is evident that it was brought for the sole purpose of protecting her copyrighted Work from Defendant's infringing conduct. Regarding the third factor, the Court determines that Defendant's actions were objectively unreasonable, considering that Defendant never appeared in the case. Finally, the Court finds that consideration of compensation and deterrence is warranted in this case. The Court finds that Plaintiff should be compensated for bringing this suit after Defendant infringed on Plaintiff's work. The award of attorneys' fees can also serve as a deterrent for future conduct by Defendant.

Plaintiff seeks an award of fees in the amount of $1,500.00, and costs in the amount of $465.00. ECF No. [15] at 5. Plaintiff has supported its request with the Declaration of Melissa A Higbee, *see* ECF No. [15-2], the attorney of record attesting to the amounts incurred. Plaintiff is the prevailing party in this case and is also entitled to her taxable costs. The Plaintiff's costs consist of a $400.00 filing fee and a service of process fee of $65.00. The Court has reviewed the evidence in support and finds that the amounts requested are necessary and reasonable.

## IV.   CONCLUSION

For the reasons stated, the Court finds that Plaintiff is entitled to statutory damages under 17 U.S.C. § 504 and attorneys' fees and costs under 17 U.S.C. § 505. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [15]**, is **GRANTED**. The Court will enter final judgment by separate order.

Case No. 22-cv-22002-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 4, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record

The Refinery Lab, LLC
25 SE 2nd Avenue
Suite 606
Miami, FL 33131